# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DONALD LINAMAN, | |
|     Petitioner, | 3:08-cv-00364-LRH-RAM |
| vs. | |
| | ORDER |
| JACK PALMER, *et al.*, | |
|     Respondents. | |

On July 8, 2008, the Court denied petitioner's motion for appointment of counsel (docket #3). Now before the Court is petitioner's motion for reconsideration, filed August 5, 2008 (docket #8).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Under Federal Rule of Civil Procedure 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any

other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court. *See Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst*, 260 F.3d at 1044 (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999)).

Petitioner seeks reconsideration of this Court's July 8, 2008 order, in which petitioner's motion for the appointment of counsel was denied (docket #8). Petitioner has not demonstrated that he is entitled to reversal of this court's decision under either rule 59(e) or 60(b). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). Petitioner has not demonstrated that he is incapable of presenting his claims in this litigation. The issues in this action do not appear overly complex. The appointment of counsel is not justified in this instance. The motion for reconsideration is denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (docket #8) of this Court's order denying a motion for appointment of counsel is **DENIED.**

Dated this 26th day of August, 2008.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE