UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD LINAMAN, | ) |
| Petitioner, | ) 3:08-cv-00364-LRH-RAM |
| vs. | ) ORDER |
| JACK PALMER, *et al.*, | ) |
| Respondents. | ) |

This action is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by pro se petitioner Donald Linaman, a Nevada prisoner. Before the Court is respondents' motion to dismiss (docket #18).

**I. Procedural History**

On January 15, 2003, petitioner was charged in the Second Judicial District Court for Washoe County with two counts of lewdness with a child under the age of fourteen. Exhibit 5.[1] On January 23, 2003, petitioner told the court that he was going to enter into a guilty plea to one count, and that the state was going to dismiss the second count of the information. Exhibit 6, T 1, Exhibit 7. The court canvassed petitioner with respect to the plea, and accepted the guilty plea. *Id.* T 2-7. A sentencing hearing was held on May 16, 2003. Exhibit 10. The district court sentenced petitioner to life imprisonment with parole eligibility in ten years. *Id*. A judgment of conviction was entered on the same day. Exhibit 9. The second count in the information was dismissed pursuant to the plea

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their motion to dismiss, and are located in the record at docket #20-23.

agreement. Exhibit 12. Petitioner did not appeal his judgment of conviction.

Petitioner filed a motion for modification of illegal sentence and/or petition for writ of habeas corpus on February 5, 2004. Exhibit 19. The state district court appointed counsel to represent petitioner on April 26, 2004. Exhibit 20. The state objected to the court's appointment of counsel. Exhibit 21. Petitioner filed another state habeas corpus petition on May 7, 2004. Exhibit 23. Counsel then filed a supplemental petition for writ of habeas corpus on June 17, 2004. Exhibit 25. The trial court dismissed the petition without holding an evidentiary hearing. Exhibit 39. Petitioner moved for reconsideration, and the trial court denied the motion. Exhibits 40 and 42.

Petitioner appealed, arguing the district court erred in not granting an evidentiary hearing to determine if counsel was ineffective during sentencing for not presenting an alcohol evaluation and thirty years of miliary records. Exhibit 51. The Nevada Supreme Court affirmed the lower court's dismissal of the habeas corpus petition. Exhibit 55. Remittitur issued on May 5, 2006. Exhibit 57.

On May 18, 2006, petitioner filed a motion to withdraw guilty plea. Exhibit 60. The state district court appointed counsel to represent the petitioner. Exhibit 65. Counsel filed a supplemental motion to withdraw guilty plea. Exhibit 66. The state district court denied the motion and supplemental motion. Exhibit 74. Petitioner appealed, arguing that the district court erred in finding that he entered a knowing, intelligent, and voluntary plea. Exhibits 75 and 82. The Nevada Supreme Court affirmed the lower court's denial of the motions. Exhibit 90. Remittitur issued on February 12, 2008. Exhibit 92.

Petitioner mailed a federal habeas corpus petition to this Court on June 10, 2008 (docket #4). Respondents have moved to dismiss the petition, arguing the petition is untimely, or alternatively, that the grounds for relief are unexhausted (docket #18).

**II. Motion to Dismiss**

**A. Timeliness and the AEDPA Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

>    (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The AEDPA limitations period is tolled while a "properly filed application" for post conviction or other collateral relief is pending before a state court. 28 U.S.C. § 2244(d)(2). The United States Supreme Court has stated that to be properly filed, a petitioner must comply with a state's time limits for filing an application for post conviction or other collateral relief. *Pace v. DiGuglielmo*, 544 U.S. 408, 414-17 (2005) (holding "time limits, no matter their form, are 'filing' conditions" and noting if a state court rejects a petitioner's habeas petition as untimely then the petition is not "properly filed" under the statute and statutory tolling is not proper).

**1. Application to the Instant Case**

In the present case, petitioner was convicted on May 16, 2003.  Exhibit 9.  Petitioner did not appeal, therefore the time for filing a federal habeas corpus petition began to run on June 15, 2003, or thirty days after the judgment of conviction was entered in petitioner's case.  28 U.S.C. § 2244(d)(1)(A); Nev. R. App. P. 4(b)(1).  Petitioner had one year, or until June 14, 2004, in which to submit a federal habeas corpus petition, unless the time was otherwise properly tolled.

Petitioner filed a motion for modification of sentence and/or a petition for writ of habeas corpus on February 5, 2004. This state petition was properly filed, and therefore tolled the time for filing a federal habeas corpus petition. *Pace*, 544 U.S. at 414-17. The time from June 15, 2003, until February 5, 2004, or 235 days, was not tolled. The one-year limitations period was tolled from February 5, 2004, until May 5, 2006, the date remittitur issued on appeal from the Nevada Supreme Court. Exhibit 57.

Petitioner then filed a motion to withdraw guilty plea in the state court on May 18, 2006. This too was a properly filed application for post conviction relief. The time between remittitur from the Nevada Supreme Court, May 5, 2006, and the filing of the motion to withdraw guilty plea, May 18, 2006, or 13 days, was not tolled. The time for filing a federal petition was then tolled from May 18, 2006, until February 12, 2008, the date remittitur issued from the Nevada Supreme Court. Exhibit 92. Petitioner had 117 days left of the one-year limitations period in which to file his federal habeas corpus petition. Petitioner mailed his federal habeas corpus petition on June 10, 2008, 119 days later. Petitioner's habeas corpus petition was filed two days late.

To be timely, petitioner would have had to file his petition on June 8, 2008, which was a Sunday. Under Federal Rule of Civil Procedure 6(a)(3), the computation of time period includes the last day of the period, unless the last day of the period falls on a Saturday, Sunday, or legal holiday. Here, the last day of the period fell on a Sunday and therefore the last day would have carried over to Monday, June 9, 2008. Rule 6(a) applies to the calculation of the one-year statute of limitations period in federal habeas cases. *Patterson v. Stewart*, 251 F.3d 1243, 1244 (9th Cir. 2001).

Therefore the federal habeas corpus petition was untimely filed by one day. The petition is untimely, and must be dismissed unless the petitioner can show that he is entitled to equitable tolling of the limitations period.

**2. Equitable Tolling**

The AEDPA one-year limitations period is subject to equitable tolling. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available "if extraordinary circumstances beyond a prisoner's control make it

4

impossible to file a petition on time." *Beeler*, 128 F.3d at 1288.  Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner has not advanced any meaningful argument relating to why his petition should not be dismissed as untimely filed.  Equitable tolling of the statute of limitations is not warranted as petitioner has not demonstrated a diligent pursuit of his rights and extraordinary circumstances beyond his control.  The federal habeas corpus petition was filed outside of the one-year statute of limitations without valid justification for the delay, and therefore will be dismissed.

Even if petitioner was entitled to equitable tolling of the limitations period, petitioner has failed to exhaust all of the grounds contained in his federal petition, and thus the petition is subject to dismissal on that basis.

**B. Exhaustion**

A state prisoner must exhaust all available state remedies prior to filing a federal habeas corpus petition.  28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982).  The state courts must be given a fair opportunity to act on each claim before those claims are presented in a habeas petition to the federal district court.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999).  Furthermore, a claim will remain unexhausted until a petitioner has sought review from the highest available state court through direct appeal or collateral review proceedings.  *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court" in order to allow a state court to correct violations of federal rights.  *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution."  *Duncan*, 513 U.S. at 365-66. S*ee also Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999) (stating the "mere similarity between a claim of

state and federal error is insufficient to establish exhaustion").

Furthermore, a claim is not exhausted unless a petitioner has fairly presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (citing *Bland v. California Dept. of Corrections*, 20 F.3d 1294, 1295 (9th Cir. 1982), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000) (*en banc*)). Exhaustion is not met if a petitioner presents to the federal court facts or evidence which place the claim in significantly different posture than it was in the state courts, or where different facts are presented to the federal court to support the same theory. *Conrotto v. Newland*, 188 F.3d 512 (9th Cir. 1999); *Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988).

**1. Ground One**

In his first ground for relief petitioner alleges that his Fifth and Fourteenth Amendment rights to due process were violated when (a) petitioner did not enter into the plea agreement knowingly and intelligently and (b) petitioner was not explained his right to appeal during sentencing. Respondents argue that these grounds are unexhausted.

Respondents' arguments are correct. On appeal from the denial of petitioner's motion for modification of illegal sentence and/or petition for writ of habeas corpus, petitioner argued that the trial court erred in not granting an evidentiary hearing to determine if counsel was ineffective for failing to present an alcohol evaluation and military records. Exhibit 51. The Nevada Supreme Court addressed only this issue on appeal. Exhibit 55. On appeal from the denial of the motion to withdraw plea, petitioner alleged that the district erred when it found that he entered a knowing, intelligent and voluntary plea, as it is clear that the petitioner waffled back and forth concerning whether he was admitting guilt. Exhibit 82.

Ground one (b) is clearly unexhausted, as the Nevada Supreme Court did not review this claim for relief. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (claims remains unexhausted until a petitioner has sought review from the highest available state court through direct appeal or collateral review proceedings). Ground one (a) is also unexhausted. The Nevada Supreme Court did review a claim that petitioner had not entered his plea knowingly, intelligently, and voluntarily.

Exhibit 90. However, petitioner did not base this claim on a federal constitutional right. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (stating a claim for relief "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitled petitioner to relief") (citations omitted). Petitioner did not cite or rely on any federal constitutional grounds or cases in his appellate brief, nor did the Nevada Supreme Court rely on any federal case law in affirming the denial of this ground. Exhibits 82 and 90.

As petitioner's claim in the Nevada courts did not include specific reference to a federal constitutional guarantee, ground one is unexhausted.

**2. Ground Two**

In ground two petitioner alleges that he was denied his Sixth Amendment right to counsel when (a) counsel failed to properly explain the plea canvass, (b) counsel allowed him to enter into a plea when he knew petitioner did not fully understand the elements of the charged crime, and (c) counsel did not explain petitioner's right to appeal. Respondents argue that ground two is unexhausted.

As was noted in relation to ground one, the Nevada Supreme Court addressed the claim that the trial court erred in not granting an evidentiary hearing to determine if counsel was ineffective for failing to present evidence of an alcohol evaluation and military records. Exhibits 51 and 55. Petitioner did not argue, in the Nevada Supreme Court, that counsel was ineffective for failing to properly explain the plea or his right to appeal. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (finding a claim is not exhausted unless a petitioner has fairly presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based). Therefore, ground two is unexhausted, as petitioner has not sought review of this claim from the highest available state court. *Casey*, 386 F.3d at 916.

**3. Ground Three**

In his third ground for relief petitioner alleges that his Fifth and Fourteenth Amendment rights to due process were violated when the trial court abused its discretion by sentencing him to life imprisonment with the possibility of parole in ten years rather than a term of structured probation. Respondents argue that this ground is unexhausted.

7

The Court agrees with respondents. As was previously noted, petitioner argued to the Nevada Supreme Court, in the appeal from the denial of his habeas corpus petition, that the district court erred in not granted an evidentiary hearing to determine if counsel was ineffective for not presenting an alcohol evaluation and military records. Exhibits 51 and 55. Petitioner later argued to the Nevada Supreme Court, in the appeal from the denial of his motion to withdraw plea, that the district court erred in finding that he had entered a knowing, intelligent, and voluntary plea. Exhibits 82 and 90.

Petitioner did not raise the ground that the trial court abused its discretion by sentencing him to life imprisonment with the possibility of parole in ten years rather than a term of structured probation to the Nevada Supreme Court. Ground three remains unexhausted. *Casey*, 386 F.3d at 916.

### C. Petitioner's Election

Petitioner would not be entitled to a stay and abeyance of the instant action. When a habeas corpus petition contains only unexhausted claims, a court may dismiss the petition. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). While a federal district court has discretion to hold a mixed petition in abeyance pending exhaustion, that rule has not been extended to situations where the habeas petition contains only unexhausted claims. *Id.* As all of petitioner's grounds for relief are unexhausted, the Court will dismiss the petition without prejudice.

### III. Certificate of Appealability

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Where a court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination of whether a certificate of appealability issues becomes a two-part test. The Supreme Court has stated that under such circumstances:

> A COA should issue when the prisoner shows...that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right *and* that jurists of reason would find it debatable whether the court's procedural ruling was correct. In cases where there is a plain procedural bar to a petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

In the present case, petitioner's habeas petition is being dismissed as all of the grounds for relief are unexhausted. The Court did not reach the merits of petitioner's claims. No reasonable jurist could conclude that this Court's ruling was in error. Petitioner is not entitled to a certificate of appealability.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #18) is **GRANTED**. The Court finds that all of the grounds for relief remain unexhausted.

**IT IS FURTHER ORDERED** the petition (docket #4) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

DATED this 11th day of August, 2009.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE